IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAYSI SUYAPA VASQUEZ | : | CIVIL ACTION |
| v. | : | |
| JANET NAPOLITANO, ET AL. | : | NO. 10-4238 |

**MEMORANDUM**

Padova, J.                                                                                                          October 7, 2010

On August 20, 2010, Plaintiff Daysi Suyapa Vasquez, a citizen of Honduras, filed a "Complaint W/ Motion for Stay of Removal," seeking to require the United States Citizenship and Immigration Service ("CIS") to adjudicate her adjustment of status application, and asking us to stay her anticipated removal, which is currently scheduled for October 18, 2010, pending our adjudication of her claims. On September 15, 2010, the Government filed a Motion to Transfer and Dismiss, arguing that we have no subject matter jurisdiction over Plaintiff's request to stay her removal order and that the remainder of the Complaint fails to state a claim upon which relief may be granted. We heard argument on the Motion on October 1, 2010. For the following reasons, we grant the Government's Motion and dismiss the Complaint and Motion for Stay.

**I.     BACKGROUND**

The undisputed facts as stated in Plaintiff's Complaint and other filings are as follows. Plaintiff is a 38-year-old citizen of Honduras, who currently resides in Scranton, Pennsylvania. In October 1991, she entered the United States without inspection. On December 21, 1994, an Order to Show Cause was issued, charging Plaintiff as being inadmissible. After a hearing, Plaintiff was granted voluntary departure until March 29, 1997. However, Plaintiff did not leave the country and, as a result, her voluntary departure was converted to a deportation order. On April 25, 2001, Plaintiff's father, who is a lawful permanent resident, filed a Petition for Alien Relative on Plaintiff's

behalf. Plaintiff was nevertheless deported in June 2001.

Plaintiff returned to the United States in September 2001, again entering the country without inspection. On March 22, 2010, she filed an Application to Adjust Status pursuant to § 245(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1255(i). CIS scheduled Plaintiff for an interview on her adjustment application on July 20, 2010. However, on the day of Plaintiff's interview, Immigration and Customs Enforcement determined that Plaintiff had been previously deported and had reentered without inspection. It therefore took Plaintiff into custody and reinstated her prior order of deportation. Plaintiff was then released on a 90-day order of supervision. Plaintiff is now scheduled to be deported on October 18, 2010, if she does not voluntarily depart before that date.

Plaintiff filed her Complaint on August 20, 2010. She asks that we: (1) assume jurisdiction over the matter; (2) order the Government to "reconsider and re-adjudicate [her] adjustment application pursuant to Section 245(i) of the INA"; (3) stay her removal "pending the determination of this petition"; and (4) grant any further relief that we deem appropriate. Although the Complaint contains no jurisdictional statement, Plaintiff has asserted in her response to the Government's Motion to Transfer and Dismiss that we have jurisdiction over her claims pursuant to the Administrative Procedures Act, 5 U.S.C. §§ 701, et seq., which permits review of agency action unlawfully withheld or unreasonably delayed; pursuant to U.S.C. § 1361, which authorizes the issuance of writs of mandamus; and pursuant to 28 U.S.C. §§ 1331 and 1651 as a civil action arising under the Constitution and laws of the United States.

On September 14, 2010, after Plaintiff's filing of her Complaint in this case, CIS issued a decision on Plaintiff's Application to Adjust Status. That decision, a "Notice of Denial," is attached

2

as Ex. 2 to the Government's Motion to Transfer and Dismiss. In the decision, CIS reiterates that Plaintiff is seeking an adjustment of status under § 245(i) of the INA, as the beneficiary of a Petition for Alien Relative that was filed by her father. (Ex. 2 at 1.) It concludes, however, that she is ineligible to apply for adjustment of status for several reasons. First, it states that she is barred from reapplying pursuant to § 212(a)(9)(C)(i),[1] and does not qualify for the exception to § 212(a)(9)(C)(i) that is set forth in § 212(a)(9)(C)(ii).[2] Second, CIS states that Plaintiff was not a valid beneficiary

---

[1] Section 212(a)(9)(C)(i) provides as follows:

**(C) Aliens unlawfully present after previous immigration violations**

**(i) In general**

Any alien who–

**(I)** has been unlawfully present in the United States for an aggregate period of more than 1 year, or

**(II)** has been ordered removed under section 1225(b)(1) of this title, section 1229a of this title, or any other provision of law,

and who enters or attempts to reenter the United States without being admitted is inadmissible.

8 U.S.C. § 1182(a)(9)(C)(i).

[2] Section 212(a)(9)(C)(ii) provides:

**(ii) Exception**

Clause (i) shall not apply to an alien seeking admission more than 10 years after the date of the alien's last departure from the United States if, prior to the alien's reembarkation at a place outside the United States or attempt to be readmitted from a foreign contiguous territory, the Secretary of Homeland Security has consented to the alien's reapplying for admission.

of her father's Petition for Alien Relative because lawful permanent residents may only file such petitions for <u>unmarried</u> children and Plaintiff was married on the date that her father filed the petition on her behalf. See 8 U.S.C. § 1153(a)(2)(B). Finally, CIS notes that Plaintiff is simply ineligible for adjustment of status pursuant to § 241(a)(5), 8 U.S.C. § 1231(a)(5), which expressly prohibits an alien who returns to the country without permission after being removed from applying for any relief under the INA. In conclusion, CIS notes that "although [it] found that [Plaintiff is] statutorily ineligible for adjustment of status, it would also have denied the application as a matter of discretion due to [Plaintiff's] repeated disregard for US immigration laws." (Ex. 2 at 5.)

At the October 1, 2010 argument, Plaintiff conceded that her request for relief in the Complaint is moot insofar as she sought an order compelling CIS to act on her adjustment of status application. However, she continues to argue that CIS erroneously concluded that she is not eligible to apply for adjustment of status and asks that we review that decision.

## II. LEGAL STANDARD

A motion to dismiss or transfer for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may challenge the court's jurisdiction on either "factual" or "facial" grounds. <u>Turicentro, S.A. v. American Airlines Inc.</u>, 303 F.3d 293, 300 n.4 (3d Cir. 2002). Where, as here, a defendant argues that "the court in fact lacks subject matter jurisdiction," the court is not required to accept as true the Complaint's allegations, <u>NE Hub Partners, L.P. v. CNG Transmission Corp.</u>, 239 F.3d 333, 341 & n.7 (3d Cir. 2001), and must instead "satisfy itself as to the existence of its power to hear the case." <u>Mortensen v. First Federal Sav. & Loan Ass'n</u>, 549 F.2d 884, 891 (3d Cir. 1977). In the end, the plaintiff bears the burden of showing that jurisdiction exists. <u>Kehr Packages, Inc. v.

---

8 U.S.C. § 1182(a)(9)(C)(ii).

Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991).

When considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), we take the factual allegations of the complaint as true and draw all reasonable inferences in favor of the plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)). A plaintiff's pleading obligation is to set forth "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), which gives the defendant "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). The allegations of the complaint must "'plausibly suggest[ ]' that the pleader is entitled to relief." Sovereign Bank v. B.J.'s Wholesale Club, Inc., 533 F.3d 162, 173 n.7 (3d Cir. 2008) (alteration in original) (quoting Twombly, 550 U.S. at 557). In the end, we will grant a Rule 12(b)(6) motion if the factual allegations in the complaint are not sufficient "to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, at 235-36 (3d ed. 2004)).

## III. DISCUSSION

The Government argues in its Motion that we do not have jurisdiction to entertain Plaintiff's motion for a stay, and must transfer the case to the United States Court of Appeals for the Third Circuit insofar as it seeks a stay of the removal order, because 8 U.S.C. § 1252(a)(5) vests sole jurisdiction over challenges to orders of removal in the court of appeals. It next argues that, to the extent that we have jurisdiction to consider Plaintiff's claims, the Complaint fails to state a claim upon which relief may be granted, because § 241(a)(5) unambiguously provides that an individual in Plaintiff's circumstances – i.e., one who illegally reenters the country after being removed – may

5

not apply for an adjustment of status. See 8 U.S.C. § 1231(a)(5). We address each of these argument in turn.

### A. Jurisdiction over Removal Order

On May 11, 2005, Congress enacted the Real ID Act, which amended the INA to provide for a "new judicial review regime." Bonhometre v. Gonzales, 414 F.3d 442, 445 (3d Cir. 2005). Under this new regime, the "sole and exclusive" means of judicial review for an order of removal is a petition for review to the appropriate court of appeals. 8 U.S.C. § 1252(a)(5). Specifically, the statute provides in pertinent part as follows:

> (5) Exclusive means of review
>
> Notwithstanding any other provision of law (statutory or non-statutory), . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. . . .

8 U.S.C. § 1252(a)(5) (underlining added).

In this case, Plaintiff does not directly challenge her removal order, but nevertheless asks us to stay that order pending our review of CIS's adjudication of her adjustment of status application. However, in the absence of a direct challenge to the removal order, Plaintiff has presented no basis on which we could stay that order. Indeed, it seems plain that any stay of the removal order must be appended to a request for judicial review of that order, which 8 U.S.C. § 1252(a)(5) dictates can only be pursued in the Court of Appeals. Thus, subject matter jurisdiction to issue a stay of a removal order, like any other challenge to a removal order, lies exclusively with the court of appeals. See, e.g., Scott v. Napolitano, 618 F. Supp. 2d 186, 191 (E.D.N.Y. 2009) (holding that § 1252

operates to "strip district courts of jurisdiction to stay an order of removal") (citing, e.g., Acosta-De La Cruz v. United States, No. 07-CV-5386, 2008 WL 2700293, at *2 (E.D.N.Y. July 9, 2008)). We therefore have no jurisdiction over Plaintiff's motion for a stay.

In light of our lack of jurisdiction, the Government requests that we transfer the motion to the Court of Appeals for the Third Circuit. Plaintiff herself, however, does not clearly join in the request that we transfer the motion for a stay in the event that we find jurisdiction to be lacking. Moreover, we do not believe that transfer is appropriate under the circumstances.

As an initial matter, the Real ID Act itself does not require us to transfer Plaintiff's motion. When that Act became effective, district courts were required to transfer to the court of appeals all pending petitions challenging orders of removal. See Jimenez v. Holder, 338 F. App'x 194, 196 (3d Cir. 2009) (citing Real ID Act § 106(c)). However, petitions that were not pending when the Real ID Act was enacted are not "subject to" transfer. Id. Here, Plaintiff's motion to stay was not pending on the effective date of the Real ID Act and, thus, that Act does not require that we transfer the motion to the court of appeals.

We, of course, can always transfer a case to a court in which jurisdiction lies pursuant to 28 U.S.C. § 1631. Section 1631 provides that when a motion is filed in a court that lacks jurisdiction, the court "shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631. Here, however, we find that a transfer is not "in the interest of justice" for three reasons. First, the motion to stay was filed on August 30, 2010, thirty-one days after entry of the reinstated removal order on July 20, 2010, and, thus, it cannot be characterized as a timely petition for review of that order. See 8 U.S.C. § 1252(b)(1) ("The petition for review [of a removal order] must be filed

no later than 30 days after the date of the final order of removal."); Easy v. Attorney General USA, No. 07-1815, 2007 WL 2988623, at *1 (3d Cir. Oct. 15, 2007) (concluding that district court "was clearly within the bounds of its discretion in refusing to transfer . . . case" to court of appeals, where removal petition was not timely). Second, the motion does not explicitly challenge the validity of the removal order, asserting only that a stay is necessary because CIS erred in refusing to adjudicate Plaintiff's adjustment of status application, and we confidently conclude in this Memorandum that CIS did not err in refusing to adjudicate that application. See infra pp. 8-10. Finally, it appears that the only stay that Plaintiff is requesting is a stay pending our resolution of the instant action and any additional CIS proceedings that we might require. As we now dismiss Plaintiff's claim that CIS erred in refusing to adjudicate her adjustment of status application, see id., and do not order any additional CIS proceedings, her request for a stay is at least arguably moot. Under these circumstances, we conclude that transfer under § 1631 is not warranted.

Consequently, we dismiss Plaintiff's Motion for Stay of Removal for lack of subject matter jurisdiction, and we specifically decline to transfer the motion to the Third Circuit.

### 2. Adjustment of Status Adjudication

Plaintiff also asks that we find that CIS erred in concluding that she is ineligible to apply for adjustment of status and order that it consider her adjustment of status application on its merits.[3] The

---

[3]The Government does not challenge our jurisdiction to consider this claim. Moreover, we conclude that we have jurisdiction to consider it. 8 U.S.C. § 1252(a)(2)(B) provides that "no court shall have jurisdiction to review – (i) any judgment regarding the granting of relief under section . . . 1255 of this title." Because the instant case involves an application for adjustment of status pursuant to § 1255, this jurisdictional bar is implicated. However, as the Third Circuit has explained, the bar applies only to discretionary actions, and "[n]on-discretionary actions . . . and purely legal determinations made by the agency . . . remain subject to judicial review." Pinho v. Gonzales, 432 F.3d 193, 204 (3d Cir. 2005) (citation omitted). Moreover, "[d]etermination of *eligibility* for adjustment of status-unlike the *granting* of adjustment itself-is a purely legal question

8

Government argues, however, that the law is clear that Plaintiff is ineligible to seek an adjustment of status and, thus, it asks that we dismiss this claim (which is all that now remains of the Complaint) for failure to state a clam upon which relief may be granted.

Section 241(a)(5) of the INA provides as follows:

> **(5) Reinstatement of removal orders against aliens illegally reentering**
>
> If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, <u>the alien is not eligible and may not apply for any relief under this chapter</u>, and the alien shall be removed under the prior order at any time after the reentry.

8 U.S.C. § 1231(a)(5) (emphasis added). Given that Plaintiff reentered the United States illegally in September 2001, after having been removed in June 2001, it is clear that she "is not eligible and may not apply for" an adjustment of status under this statutory provision. Id.

Significantly, Plaintiff does not even respond to the Government's argument that she cannot state a claim upon which relief may be granted because she is ineligible to apply for an adjustment of status pursuant to § 241(a)(5). Instead, she merely argues that CIS erred in finding her ineligible pursuant to § 212(a)(9)(C), because that statutory provision was not enacted until April 1, 1997, and she was placed in deportation proceedings on December 21, 1994. However, even assuming *arguendo* that § 212(a)(9)(C) is not applicable here, the fact remains that Plaintiff is statutorily ineligible to adjust her status pursuant to § 241(a)(5), and she has provided us with no basis on which to conclude otherwise. Consequently, we dismiss Plaintiff's Complaint for failure to state a claim

---

and does not implicate agency discretion." Id. Accordingly, we have jurisdiction to consider whether CIS erred in concluding that Plaintiff was not eligible to apply for an adjustment of status.

upon which relief may be granted insofar as she seeks to challenge CIS's decision on her adjustment of status application.

## IV. CONCLUSION

For the foregoing reasons, we grant the Government's Motion to Transfer and Dismiss, except to the extent that we decline to transfer the Motion to Stay Removal to the Third Circuit. We therefore dismiss Plaintiff's Motion to Stay for lack of subject matter jurisdiction. We dismiss the remainder of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). An appropriate Order follows.

BY THE COURT:

/s/ John R. Padova, J.

John R. Padova, J.